UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUZANNE RHODES, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-07-CV-0641 FB (NN) |
| WHOLE FOODS MARKET, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION FOR DISMISSAL

This memorandum and recommendation addresses several motions pending in this case.[1]

I have authority to make this recommendation pursuant to the district court's order of referral.[2]

After considering the motions and the pleadings on file, I recommend dismissing this case.

### Background and Nature of the Case

Suzanne Rhodes, acting pro se, filed this case on August 1, 2007.[3] In her original

complaint, Rhodes sued Whole Foods Market, Inc., for various causes of action. Rhodes asserted

that federal court jurisdiction exists because her claims are based on federal law.[4] Whole Foods

responded by moving to dismiss Rhodes's claims.[5] Rhodes responded by filing her first amended

---

[1]Docket entry #s 5, 9, 13 & 15.

[2]Docket entry # 3.

[3]Docket entry # 1.

[4]*See* docket entry # 1, p. 1.

[5]Docket entry # 5.

complaint.[6]  I then instructed Rhodes's about the need to respond to the motion to dismiss.[7]
Whole Foods moved to dismiss the first amended complaint.[8]  Rhodes filed a second amended
complaint[9] and responded to Whole Foods's first motion to dismiss.[10]  Whole Foods moved to
strike Rhodes's second  amended complaint.[11]  Rhodes responded to that motion[12] and asked for
leave to file her second amended complaint.[13]  Because the deadline for filing amended pleadings
has not passed—no scheduling order has been issued—and because Rhodes's claims have
remained the essentially the same throughout the rapid amendment of her claims, this
memorandum considers Whole Foods's request to dismiss Rhodes's claims based on Rhodes's
second amended complaint.  To the extent that Rhodes may complain about dismissal of the
claims asserted in her second amended complaint without a specific motion from Whole Foods,
this memorandum and recommendation will serve as notice of the district court's consideration.

In the second amended complaint, Rhodes sued Whole Foods for the following causes of
action: (1) violation of 15 U.S.C. § 1666; (2) violation of sections 391.002 and 392.301 of the
Texas Finance Code; (3) violation of sections  17.46(a) and 17.50(a)(3) of the Texas Deceptive

---

[6]Docket entry # 7.

[7]Docket entry #8.

[8]Docket entry # 9.

[9]Docket entry # 11.

[10]Docket entry # 12.

[11]Docket entry # 13.

[12]Docket entry # 14.

[13]Docket entry # 15.

Trade Practices Act; (4) defamation, libel, and slander; (5) negligence; and (6) harassment.[14]

Rhodes asked for damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, exemplary damages,

and attorney's fees.  Rhodes alleges that her claims stem from the theft of her identity, the

subsequent passing of two forged checks to Whole Foods, and Whole Foods's response to the

forged checks.  Rhodes contends that Whole Foods acted improperly by submitting the forged

checks to a debt collector.

### Standards for a Motion to Dismiss

A defendant in a civil action may move to dismiss under Rule 12(b)(6) of the Federal

Rules of Civil Procedure for "failure to state a claim upon which relief may be granted."[15]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough
> facts to state a claim to relief that is plausible on its face."  "Factual allegations
> must be enough to raise a right to relief above the speculative level, on the
> assumption that all the allegations in the complaint are true (even if doubtful in
> fact)."[16]

### Rhodes's Claims Under 15 U.S.C. § 1666

Rhodes alleges that Whole Foods violated 15 U.S.C. § 1666 by failing to give her notice

of a returned check debt.[17]  Rhodes complains that Whole Foods refused to acknowledge her

position that the bad checks had been forged and instead initiated debt collection activity.  This

claim serves as Rhodes's basis for federal court jurisdiction.  Whole Foods argues that this claim

---

[14]*See* docket entry # 11.

[15]FED. R. CIV. P. 12(b)(6).

[16]*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

[17]Docket entry # 11, p. 8.

should be dismissed because 15 U.S.C. § 1666 applies to transactions under open-end credit plans and because Rhodes has not alleged that her claim against Whole Foods relates to an open-end credit plan.

The Fair Credit Billing Act protects consumers against inaccurate and unfair credit billing and credit card practices.[18]  Creditors who violate the Fair Credit Billing Act are subject to civil liability under the Truth in Lending Act's civil liability provision.[19]  The provision that Rhodes relies on—15 U.S.C. § 1666—specifies procedures for the correction of billing errors. According to Whole Foods, the provision applies to open-end credit plans.  Whole Foods relies on a decision by a New York court of appeals in which the court determined that the provision applies to only open-end consumer credit plans, commonly known as credit card or charge card accounts.[20]  I located no other authority on this question, but the New York court's reasoning is persuasive and generally accepted.[21]  The court recognized that although the Fair Credit Billing Act "does not expressly limit its application to open end credit transactions,"[22] section 1666's reference to section 1637—which expressly applies to open-end consumer credit

---

[18]*See* 15 U.S.C. § 1601(a).

[19]*See* 15 U.S.C. § 1640.

[20]*See Jacobs v. Marine Midland Bank*, 475 N.Y.S.2d 1003 (N.Y. Sup. Ct. 1984).

[21]*See* DEE PRIDGEN & RICHARD M. ALDERMAN, CONSUMER CREDIT AND THE LAW § 12:15 (indicating that the Fair Credit Billing Act's disclosure requirements do not apply to closed end credit); HOWARD J. ALPERIN & ROLAND F. CHASE, 35A MASSACHUSETTS PRACTICE SERIES TM, CONSUMER LAW § 12:1 9 (referring readers to case authority recognizing that the billing error provisions of the Fair Credit Billing Act apply only to open-end credit);  6 FED. PROC. FORMS § 14:158 (discussing Fair Credit Billing Act's procedures for disclosures in connection with an open-end credit transactions).

[22]*Jacobs*, 475 N.Y.S.2d at 1004.

plans—"expresses a legislative intent to enact rules regarding the correction of billing errors in open end consumer credit transactions only."[23]   Based on this reasoning, the court concluded that 15 U.S.C. § 1666 applies only to open-end credit plans.[24]   Rhodes's allegations are based on forged checks—not an open end credit plan.   No serious argument can be made that section 1666 applies to collection efforts on bad checks.   Even if the district court viewed Rhodes's allegations as true, no basis exists for Rhodes's claim under section 1666.   Without a legal basis for the claim, no basis exists for recovery of damages under 15 U.S.C. § 1681n (civil liability for willful noncompliance) or 15 U.S.C. 1681o (civil liability for negligent noncompliance).   Rhodes has failed to state a claim upon which relief can be granted. Whole Foods is entitled to dismissal of that claim.

<h3 align="center">Recommendation</h3>

Because Rhodes has failed to state a claim under 15 U.S.C. § 1666 upon which relief can be granted, I recommend DISMISSING this claim. If the district court accepts this recommendation, only state law claims will remain in this case.   In its motion to dismiss, Whole Foods also asked the district court to decline to exercise supplemental jurisdiction over Rhodes's state law claims.   Although the district court can exercise supplemental jurisdiction over Rhodes's state law claims, 28 U.S.C. § 1367 permits the district court to decline to exercise supplemental jurisdiction over state law claims if it has "dismissed all claims over which it has original jurisdiction . . ."[25]   Rhodes's claim under 15 U.S.C. § 1666 is the only claim over which

[23]*Id*. at 1005.

[24]*See id*. at 1006.

[25]28 U.S.C. § 1367(c)(3).

5

the district court has original jurisdiction.  In the absence of a federal-law claim, adjudicating

Rhodes's numerous state law claims will require expenditure of judicial resources, even though

there appears to be no basis for recovering on those claims.  For example, Rhodes has no basis

for recovering on her claim under section 391.002 of the Texas Finance Code because that

provision applies to credit reporting bureaus[26] and Rhodes has not alleged that Whole Foods is a

credit reporting bureau.  Rhodes has no basis for recovering under section 392.301 of the Texas

Finance Code because that provision applies to debt collectors [27] and Rhodes has not alleged that

Whole Foods is a debt collector.  Consequently, I recommend GRANTING the request to decline

to exercise supplemental jurisdiction over the state law claims, DECLINING the exercise of

supplemental jurisdiction, and GRANTING Whole Foods's motion to dismiss (docket entry # 5).

With respect to the remaining motions, I recommend: (1) DENYING Whole Foods's

motion to dismiss Rhodes's first amended complaint (docket entry # 9) as moot, (2) DENYING

Whole Foods's motion to strike Rhodes's second amended complaint (docket entry # 13) as

moot, and (3) DENYING Rhodes's motion to amend her complaint (docket entry # 15) as moot.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this memorandum and

recommendation on all parties who have entered an appearance, by either (1) electronic

transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of

---

[26]*See* TEX. FIN. CODE ANN. § 391.002(b) (Vernon 2006) ("A credit reporting bureau commits an offense if the credit reporting bureau knowingly furnishes false information about a person's creditworthiness, credit standing, or credit capacity to a third party.").

[27]*See* TEX. FIN. CODE ANN. § 392.301(a) (Vernon 2006) (specifying prohibited practices by debt collectors in debt collection).

6

Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[28]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[29]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[30]

      **SIGNED** on November 4, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[28]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[29]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[30]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).